IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.

**CEDRICK DAMON WASHINGTON**,

    Defendant.

No. CR 08-295-01-MO

OPINION AND ORDER

**MOSMAN, J.**,

On January 31, 2011, Mr. Washington moved for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1) and intervening change in law (#43) in the above-captioned case. For the reasons stated below, I deny Mr. Washington's motion.

## BACKGROUND

Mr. Washington was indicted for possessing "5 grams or more" of cocaine base with intent to distribute. (Indictment (#1).) He pled guilty on March 31, 2009. On September 14, 2009, he was sentenced to the statutory mandatory minimum of 60 months imprisonment followed by a four-year term of supervised release.

On August 3, 2010, the Fair Sentencing Act of 2010 (the "Act") was signed into law. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). This law increased the amount of cocaine base a defendant must carry from 5 grams to 28 grams in order to be sentenced to 60 months of imprisonment. *Id.*; *see also* 21 U.S.C. § 841(b)(1)(B)(iii). Mr.

Washington brings this motion to argue that the Act should be applied retroactively to reduce his sentence.

## DISCUSSION

I.    **The Fair Sentencing Act of 2010 Does Not Apply Retroactively**

Modifications to sentencing laws only apply retroactively if that intention is expressly stated in the legislation. 1 U.S.C. § 109.  The Fair Sentencing Act of 2010 does not expressly state that it applies retroactively, so Mr. Washington's argument fails.  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).  While the Ninth Circuit has not addressed the issue in a published opinion, other circuits have found that the Act is not retroactive.  *See, e.g.*, *U.S. v. Smith*, 2011 WL 285056, at *3 (8th Cir. 2011).

II.    **The Fair Sentencing Act of 2010 Has Not Triggered 18 U.S.C. § 3582(c)(2)**

18 U.S.C. § 3582(c)(2) gives the court discretion to reduce a prisoner's sentence based on a later reduction in the sentencing guidelines by the Sentencing Commission.  The Sentencing Commission has not reduced the sentencing guidelines.  U.S.S.G. § 1B1.10(c) Comment 1(A) ("Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) [those made by the Sentencing Commission] that lowers the applicable guideline range."); *see also* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 10, 124 Stat. 2372, 2372 (2010).

## CONCLUSION

I DENY Mr. Washington's motion without prejudice, so that Mr. Washington can refile this motion if the Sentencing Commission acts.

IT IS SO ORDERED.

DATED this   10th   day of February, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court